GULFPORT CREOSOTING COMPANY *v.* E. M. MORRISON.

[60 South. 736.]

APPEAL AND ERROR. *Exhibits. Motion. Code* 1906, *section* 4912.

Under section 4912, Code 1906, so providing, the supreme court has the power to make any order necessary to compel the production before it of a full and perfect transcript of the record, and it may examine under some circumstances the original exhibits introduced in evidence in the court below; but it has no power to appoint a commissioner to make a copy or model of any such exhibit or of any object viewed by the jury in connection with the evidence.

APPEAL from the circuit court of Harrison county.
HON. T. H. BARRETT, Judge.

Suit by E. M. Morrison against the Gulfport Creosoting Company. Heard on motion in supreme court to appoint a commission to make a model of a planing machine upon which plaintiff received his injuries.

*Bowers & Griffith,* attorneys for appellant.

No brief of counsel for appellant found in the record.

*Mize & Mize* and *D. M. Graham,* for appellee.

This was a cause of action for personal injuries predicated on a defect in a certain planing machine. The defect complained of was in a set screw, which, together with an accumulation of trash, oil, and grease, also complained of, rendered the place where appellee had to work unsafe. There was much testimony in the court below with reference to this, and the court, together with its officers and the jury, upon motion of appellant, proceeded during the trial of the case to the scene of the alleged injury of appellee, and demonstration was there made by starting of the machinery and inspection of the machine and premises, and much evidence was taken with reference to certain parts of the machine and everything about the machine and place was gone into, and the jury found for the appellee. Counsel did not attempt to introduce any model, either on a great or small scale, of this machine in the court below. We think the principle that lies at the very threshold of this motion is, what is necessary to introduce a model of anything in evidence in the court below? That a model of a machine may be properly introduced in the court below we do not deny. Now, let us see what are the requisites or rules to be complied with the introduction of such model.

At page 893, section 790, vol. 1, Wigmore on Evidence, Wigmore lays down the following: "We are to remember, when, that a document purporting to be a map, picture, or diagram, is, for evidential purposes, simply noth-

ing, except so far as it has a human being's credit to support it. It is mere waste paper—a testimonial nonentity. It speaks to us no more than a stock or a stone. It can, of itself, tell us no more as to the existence of the thing portrayed upon it than can a tree or an ox. We must somehow put a testimonial human being behind it, as it were, before it can be treated as having any testimonial standing in court. It is somebody's testimony, or it is nothing.''

At page 899, under section 793 of said volume cited *supra,* Wigmore further says: ''The use of maps, models, diagrams and photographs, as testimony to the objects represented, rests fundamentally (as already noted in section 790) on the theory that they are the pictorial communications of a qualified witness who uses this method of communication instead of or in addition to some other method. It follows, then, that the map or photograph must first, to be admissible, be made a part of some qualified person's testimony. Some one must stand forth as its testimonial sponsor.'' Wigmore has quite a learned article on this head.

In 11 Am. & Eng. Ency. of Law, at page 539, we find the following: ''Models, diagrams and maps. In cases where the things they represent are relevant, models, diagrams and maps, when properly identified and authenticated, are admissible as a species of real evidence of the things they represent.''

It will thus be seen, from the above authority, that, in order for a model or mimetic representations, as styled by counsel, to be admissible in evidence even in the lower court, some one must stand sponsor for it by his testimony. If this is not done, as said by Wigmore, the model before the court can tell the court no more than could a tree or an ox. Therefore, suppose this court, or should it so order, the trial judge, appoint a commission to proceed to the spot and make a model as prayed for in the motion and forward same when com-

pleted by the nearest and safest way to this court without any explanatory testimony or any authentication that the machine from which the model was copied was in the same condition at the time the model was made as it was at the time of the unfortunate injury to appellee. What weight could it have before this court? It could speak to this court no more than could a tree or an ox; and, in this, we think the court will agree with us.

Argued orally by *N. A. Griffith,* and *B. E. Eaton,* for motion.

Smith, C. J., delivered the opinion of the court.

This court must try a cause on the record as made in the court below. Under section 4912 of the Code, it has power to make any order necessary to compel the production before it of a full and perfect transcript of the record, and it may, under some circumstances, examine the original of exhibits introduced in evidence in the court below; but it has no power to appoint a commission to make a copy or model of any such exhibits, or of any object viewed by the jury in connection with the evidence.

*Overruled.*